

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**03/05/2015**

| | | |
|---|---|---|
| IN  RE: | § | |
| | § | |
| CHRISTOPHER JOSEPH McCLOSKEY | § | |
| DEBTOR | § | CASE NO.  05-31232-H5-7 |
| | § | |
| ANNE MIRIAM McCLOSKEY and | § | |
| MICHAEL A. CRAIG | § | |
| PLAINTIFF(S) | § | ADVERSARY NO.  06-3012 |
| | § | |
| VS. | § | |
| CHRISTOPHER J. McCLOSKEY | § | |
| DEFENDANT | § | |

AMENDED MEMORANDUM OPINION AND ORDER

## I. Jurisdiction

This Court has jurisdiction over this case under 28 U.S.C. § 1334 and 28 U.S.C. §157(a). This is a core proceeding.

## II. Pending motions

Before the Court are debtor's corrected motion for reconsideration of this Court's denial of  both his motion for summary judgment and his motion for reconsideration of the Court's denial of his motion for contempt, sanctions, and damages. Also pending is plaintiffs' second motion for summary judgment.

Debtor Christopher McCloskey seeks reconsideration of this Court's Memorandum Opinion which denied debtor's motion for summary judgment.

Doc. 124. Debtor points out that the Texas Supreme Court has reversed an opinion from the 14th Court of Appeals which was mentioned in the opinion. *Tucker v. Thomas*, 419 S.W.3d 292 (Tex. 2013).

Debtor is correct. In view of this clarification in the law, the Court grants debtor's motion for reconsideration in part to revise the reference to *Tucker v. Thomas*. The remainder of debtor's motion for reconsideration is denied.

This opinion includes the revised, corrected memorandum and order of this Court.   Doc. 124. In addition, the opinion includes the Court's order regarding plaintiffs' motion for summary judgment.

**A. Debtor's corrected motion for summary judgment is denied.**

Debtor contends plaintiffs' award of attorney's fees is invalid under Texas law because the fee award violated the bankruptcy stay.  Debtor seeks to hold plaintiffs in contempt and seeks damages for the alleged stay violations under 11 U.S.C. § 362(h)(2005), including return of the monies obtained by plaintiffs' 2007 writ of garnishment from his Fidelity account.

 Debtor argues that on reconsideration his summary judgment motion should be granted because he asserts that both the state appellate court and the Fifth Circuit

held that plaintiffs' attorney's fees at issue were not child support and, hence, are dischargeable. Debtor seeks contempt and damages against plaintiffs because:

(1) plaintiffs lack standing to assert that the attorney's fees awarded are nondischargeable; (2) plaintiffs are judicially estopped from asserting that their claims for attorney's fees are child support; (3) certain of plaintiffs' post-petition state court proceedings violated the automatic stay; (4) the state trial court's Reformed Final Judgment fails to credit attorney's fees previously paid to plaintiffs in 2000 from debtor's Charles Schwab account. In addition, debtor seeks a discharge which he says was never entered. Debtor is in error; the discharge order was entered July 9, 2010. Case 05-31232, Doc. 115. Debtor's discharge is subject to plaintiff's pending adversary proceeding.

Plaintiffs respond: (1) they have standing based on either a formal or an informal proof of claim; (2) they are not judicially estopped by any position taken in state court proceedings; (3) their state court garnishment proceedings were excepted from the automatic stay; (4) debtor's claims are foreclosed by res judicata and/or the *Rooker- Feldman* Doctrine; (5) this Court's orders lifted the stay as to all state court matters; and (6) their post-petition state court writ of garnishment proceedings were

excepted from the automatic stay.[1]  Case 06-3012, Docs. 101, 113, 114.

After reviewing the record, this Court concludes: (1) plaintiffs have standing to file the adversary proceeding; (2) plaintiffs are not judicially estopped from asserting that their attorney's fees are related to child support;  (3) plaintiffs' post-petition state court proceedings did not violate the automatic stay; and (4) debtor's position on the characterization of the attorney's fees award is foreclosed by res judicata and the *Rooker-Feldman* doctrine. Since decision on these issues resolves all debtor's contentions, it is not necessary to reach plaintiffs' remaining defenses.

Plaintiffs' second motion for summary judgment is granted. The trial court's Reformed Final Judgment as modified by the state appellate court characterized the award of  $50,398.00 in attorney's fees as related to the  McCloskey children's conservatorship. Consequently, the Reformed Final Judgment as modified is res judicata and further review is foreclosed by the *Rooker-Feldman* rule.  The plaintiffs' judgment qualifies as nondischargeable under Fifth Circuit precedent regarding 11 U.S.C. § 523 (a)(5).

### III. Summary of state and federal proceedings

This case involves fourteen years of litigation in state and federal court. Since

---

[1]  At the hearing plaintiffs argued that all post-petition proceedings challenged by debtor in his motion for contempt  were exempt from the automatic stay. Debtor did not object to this oral extension of  plaintiffs' written response.

Anne McCloskey filed for divorce in 1998, four courts, two state (the 389th Judicial District Court and the 14th Court of Appeals) and two federal (the Southern District of Texas and the Fifth Circuit Court of Appeals), have heard portions of debtor's cases.[2]

In 2000 when the McCloskey divorce was tried, the state district judge in the divorce decree awarded Anne McCloskey's attorney, Michael Craig of Craig & Heallen, LLC., $50,398.00 in fees for conservatorship, support, and property division proceedings. After debtor filed bankruptcy, plaintiffs filed this adversary complaint seeking to deny debtor's discharge of the $50,398.00 award.

Debtor appealed the divorce decree. Since Texas law did not allow reimbursement of fees for property division, the state appellate court reversed and remanded the case for the trial court to "segregate the fees related to the property division from the child custody issues."

On remand in 2006, the state district court issued the Reformed Final Judgment awarding Michael Craig $50,398.00 for his attorneys fees incurred in 2000 for conservatorship and child support proceedings. Based on the Reformed Final

---

[2] Because of the overlap of state trial and appellate cases, bankruptcy cases, and the federal appeal, Exhibit A is a time line which lists all the litigation by category.

Judgment, on July 17, 2007, this Court granted plaintiffs' motion for summary judgment denying the dischargeability of the $50,398.00 attorney's fees award.

On November 28, 2007, plaintiffs obtained a writ of garnishment from the state trial court and executed against debtor's exempt Fidelity IRA account in order to satisfy the Reformed Final Judgment award of $50,398.00, plus interest.

Debtor appealed the order granting the writ of garnishment and the state court of appeals upheld the trial court judgment. Consequently, plaintiffs' $50,398.00 judgment is satisfied.

Debtor appealed the trial court's Reformed Final Judgment to the 14th Court of Appeals which held Texas law only allows award of fees incurred in child support enforcement proceedings, which were not at issue in the 2000 McCloskey child custody proceedings. Consequently, the appellate court reversed and modified the judgment. The appellate court did not remand the Reformed Final Judgment to the trial court. Instead, the court of appeals upheld the $50,398.00 award except for any reference to child support. The Reformed Final Judgment as modified awarded $50,398.00 incurred in conservatorship proceedings.

The debtor appealed this Court's order granting summary judgment to the district court and Fifth Circuit. Based on the state appellate ruling rejecting any fees awarded unrelated to enforcement of child support proceedings, the Fifth Circuit

reversed and remanded the adversary proceeding to this Court to determine whether plaintiffs' attorney's fee award of $50,398.00 is nondischargeable.

## IV. Pre-Bankruptcy State Litigation

**A. Divorce proceedings**.

*1. Trial Court awards plaintiffs' attorney's fees for property division, conservatorship, and child support.*

Anne Miriam McCloskey filed for divorce from Christopher McCloskey in late 1998 in Cause No. 1998-CV-106,445 in the 387th Judicial District Court of Fort Bend County, Texas. Christopher McCloskey counter-petitioned for divorce.

On July 14, 2000, the 387th Judicial District Court ordered debtor to pay interim attorney's fees to Michael Craig of $30,650.00, attorney's fees to Lester Van Slyke (the guardian ad litem) of $10,000.00, and to pay the remaining $30,650.00 to debtor himself by July 31, 2000 from debtor's Charles Schwab account. Debtor did not obey this order. On August 14, 2000, the trial court ordered Charles Schwab to pay directly to Michael Craig $30,650.00, Lester Van Slyke $10,000.00 and debtor $30,650.00 from debtor's account number KT6059-4141.

The divorce trial was bifurcated. A jury heard issues of conservatorship and primary residence of the couple's children. On August 7, 2000, the judge of the 387th Judicial District Court tried the remaining issues, including the characterization and

p:\McCloskey 3315 kkb.wpd                    7

division of property, visitation rights, conditions of child custody, and attorney's fees.

Between September 21, 2000 and January 2001, there were many revisions to the final divorce decree. On January 12, 2001, the 387th Judicial District Court issued a Corrected Final Decree of Divorce (Corrected Final Decree) which orders the division of the McCloskeys' community estate ¶¶ 34-39. As part of the division of the marital estate, certain assets were awarded to debtor:

> 35.11 The balance remaining on the Charles Schwab IRA #KT 59-4151 after deducting the $220,000.00 awarded to Anne Miriam McCloskey herein above, and after deducting the $30,650.00 paid to Michael A. Craig on September 11, 2000, and the $10,000.00 paid to Lester Van Slyke on September 11, 2000, the $4,500.00 paid to Michael A. Craig on September 11, 2000, and the $549.00 paid to Michael A. Craig on September 11, 2000.
> . . . .
>
> 35.15 One hundred percent (100%) of the checking account at Charles Schwab, account #KT 6147-7864.

Corrected Final Decree ¶¶ 35.11- 35.15 (Case no. 05-31-232, doc. 121-2).

The Corrected Final Decree awards certain debts to Anne Miriam McCloskey and certain debts to debtor "as part of the division of the estate of the parties . . ." *See* Corrected Final Decree ¶¶ 36 and 37. The debts awarded to Christopher McCloskey include:

> 37. Debts awarded to Respondent, Christopher Joseph McCloskey
> It is ORDERED that Respondent, Christopher Joseph McCloskey, shall pay, as a part of the division of the estate of the parties, the following

debts and obligations and shall indemnify and hold Petitioner harmless from any failure to so discharge such debts and obligations:

. . . .

37.4 The attorney fees set forth in sections 39 and 40 of this Decree herein below.

. . . .

40.  Judgment for Attorney Fees in favor of Michael A. Craig

40.1 The Court finds that Michael A. Craig, Petitioner's attorney, has incurred $50,398.00 as attorney's fees and costs of court, which were necessary <u>for determination of conservatorship and support of the children,</u> David Christopher McCloskey and Laura Grace McCloskey, and to preserve the community estate.  The Court finds that the attorney fees awarded in this Section 40 are reasonable and customary charges in Fort Bend County, Texas, for an attorney of Michael A. Craig's experience and capabilities, as of August 7, 2000.

40.2 It is ORDERED, as additional child support, that Michael A. Craig is awarded a judgement (sic) of $50,398.00 against Christopher Joseph McCloskey for attorney's fees and expenses, with interest at 10% per year, compounded annually, from September 1, 2000 until paid, for which let execution issue.

40.3 It is further ORDERED that Michael A. Craig is awarded a judgement (sic) of $32,500.00 against Christopher Joseph McCloskey for attorney's fees on appeal ...

Corrected Final Decree ¶ ¶ 37- 40. *Id.* (emphasis added).

Consequently, the Corrected Final Decree characterizes the award of attorney's fees against debtor as "necessary for conservatorship," for the division of the marital estate, and for child support. The 387th Judicial District Court failed to segregate fees

related to conservatorship and child support from fees awarded for the property division.

## B. Debtor's appeal of Corrected Final Decree to 14th Court of Appeals, Cases 14-00-01300-CV and 14-00-01307-CV.

McCloskey appealed numerous issues related to the Corrected Final Decree including the trial court's characterization of its award of attorney's fees. *See McCloskey v. McCloskey*, 2003 WL 21354709, *5-6, (Tex. App.- Houston [14th Dist.] 2003).

The 14th Court of Appeals ruled against debtor on all points except the attorney's fee characterization issue. On that argument, the court held:

> IV. The Award of Attorney's Fees to Anne
>
> In issue ten, Chris raises two complaints regarding the manner in which the trial court assessed and awarded trial and appellate attorney fees against him. First, Chris complains that the trial court classified its award of $50,398.00 in attorney's fees as "child support and property division," and argues that the trial court's failure to segregate the portion of the award representing attorney's fee incurred in the property division and the portion representing fees incurred in connection with child support provides Anne the benefit of the enhanced remedies for enforcement of child support judgments for the entire award. We agree. Because Anne is willing to rectify the matter by classifying the fees as part of the division of property, we sustain this part of Chris's issue and remand to the trial court to correct the judgment on this issue.
> . . . .
>
> In summary, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Specifically, we affirm all portions of the judgment, except for that part of the judgment which assessed all attorney's fees whether related to property division or child

custody as child support and property division, and failed to segregate the fees related to the property division from the child custody issues. That part of the judgment is reversed and remanded for further proceedings in accordance with this opinion.

*McCloskey v. McCloskey*, Not Reported in S.W.3d, 2003 WL 21354709, *6 (Tex.

App.-Houston [14th Dist.] 2003).

## V.  Post-bankruptcy state trial and appellate proceedings.

### A. Debtor's bankruptcy filing and plaintiffs' Motion for Relief from the Automatic Stay to allow the trial court to Reform the Corrected Final Judgment.

On January 26, 2005, debtor filed a chapter 13 bankruptcy petition. Case

05-31232-H5-13. On November 10, 2005, this Court granted debtor's motion to

convert the case to chapter 7.

On January 4, 2006, this Court granted the motion of Anne McCloskey and

Michael Craig for relief from the automatic stay:

> [F]or the limited purpose of allowing the 387th Judicial District Court
> . . . to render a corrected judgment in cause No. 106,445; in the Matter
> of the Marriage of Anne Miriam McCloskey and Christopher Joseph
> McCloskey . . . specifically as it pertains to the characterization and
> award of attorney's fees and child support to movants, in accordance
> with the mandate issued by the Fourteenth Court of Appeals for the
> State of Texas.

Case 05-31232, Doc. 63.

*2. Trial Court's Reformed Final Judgement.*

On January 19, 2006, Anne McCloskey filed her Motion to Correct or Reform Final Judgment in Accordance with Appellate Mandate with the 387th Judicial District Court. That motion recites the history of the state trial, appeal, and federal bankruptcy proceedings up to January 14, 2006, and requests, "that this Court, upon notice and hearing, issue an order revising its award of attorney's fees contained in the parties' final decree of divorce, in compliance with the mandate of the 14th Court of Appeals, and for all other relief to which she may show herself entitled." (Debtor Ex. 7).

The 387th Judicial District Court heard Anne McCloskey's motion on March 13, 2006, and issued its Reformed Final Judgment on April 3, 2006. (Debtor Ex. 8).

The Reformed Final Judgment states:

3.0    Findings as to Characterization of Attorney's fees in Final Judgment of January 12, 2001

3.1    The Court finds that as of January 12, 2001, Michael A. Craig, Petitioner's attorney, incurred $50,398.00 as attorney's fees and costs of court, which were necessary for solely the determination of conservatorship and child support for the children, David Christopher McCloskey and Laura Grace McCloskey .

3.2    The Court finds that as of January 12, 2001, Michael A.Craig Petitioner's attorney, incurred an additional $32,500 as attorney's fees and cost of court, which were necessary solely for the preservation of the parties' community estate.

4.0     Orders Reforming Final Judgment of January 12, 2001 in Accordance
with Mandate of the 14th Court of Appeals. Based on the foregoing, it
is ORDERED that Section 40 of the Corrected Final Decree of Divorce
date January 12, 2001 is superceded and reformed to read as follows:

40.     Judgment for Attorney Fees in Favor of Michael A. Craig

40.1    The Court finds that as of January 12, 2001, Michael A. Craig,
Petitioner's attorney, incurred $50,398.00 as attorney's fees and costs of
court, <u>which were necessary for solely the determination of
conservatorship of and child support for the children, David Christopher
McCloskey and Laura Grace McCloskey.</u>

40.2    The Court finds that as of January 12, 2001, Michael A. Craig,
Petitioner's attorney, incurred an additional $32,500 as attorney's fees
and costs of court, which were  necessary solely for the preservation of
the parties community estate.

40.3    <u>It is ORDERED, as additional child support, that Michael A. Craig,
for the benefit of Anne Miriam McCloskey</u> is awarded a judgment of
$50,398.00 against Christopher Joseph McCloskey for attorney's fees
and expenses, with interest at 10% per year, compounded annually,
from September 1, 2000 until paid, for which let execution issue.

Order Granting Anne McCloskey motion to Correct or Reform Final Judgment in

Accordance with Appellate Mandate. (emphasis added) (Debtor Ex 8). (2006

Reformed Final Judgment)

Consequently, after remand from the 14th Court of Appeals, in 2006 the 387

Judicial District Court conducted a hearing. The court issued its Reformed Final

Judgment which deleted property division as a basis for the $50,398.00 award. Instead, the district court awarded $50,398.00 to Michael Craig for the benefit of Anne McCloskey as fees incurred for "conservatorship and child support for the children..."

## B. Lift stay for appeal of reformed state trial court judgment.

On December 11, 2007, Debtor moved for limited relief from stay to allow the 14th Court of Appeals to issue judgment "concerning all aspects" of case 14-06-00470-CV and 14-00-01300-CV, consolidated with 14-00-01307-CV, "including the characterization of attorney fees and the division of the marital estate." This Court granted debtor's motion on January 16, 2008. *(See* Case 05-31232, docs. 105 and 109.)

## C. Debtor's appeal of the 2006 Reformed Final Judgment.

Debtor appealed the 2006 Reformed Final Judgment. Thereafter, on April 2, 2009, the 14th Court of Appeals issued its corrected opinion in case 14-06-00470-CV. The court ruled against debtor on all issues except for characterization of attorney's fees. The court did not remand, but stated in part:

> The trial court's order in this case characterized $50,398.00 in attorney's fees 'as additional child support.' Because this is not a case of child support enforcement, the trial court erred in characterizing the attorney's fees as child support. Appellant's first issue is sustained <u>and the judgment is modified to delete the characterization of attorney's fees as</u>

child support.

*McCloskey v. McCloskey*, 2009 WL 3335868*2-3, (Tex. App. – Houston [14th Dist.] 2009) (emphasis added).

Consequently,  the appellate court reversed and modified the 2006 Reformed Final Judgment to delete child support from the attorney's fees award. The appellate court did not remand the case. The 2006 Reformed Final Judgment was  otherwise intact and final. Consequently, as modified by the court of appeals, the 2006 Reformed Final Judgment awarded Michael Craig $50,398.00 in attorney's fees against debtor "which were necessary for solely the determination of conservatorship of the children ..." *Id.*

### V. Anne McCloskey's Motion for Modification of Prior Order in Suit Affecting Parent-Child Relationship.

### A. Motion to modify hearings before the state trial judge.

On March 6, 2003, Anne McCloskey filed a motion for modification of a prior order in a suit affecting the parent-child relationship in the 387th Judicial District Court. (Motion to Modify). The state trial judge heard this  motion both before and after debtor's bankruptcy was filed. After bankruptcy, plaintiffs did not move for relief from stay to continue litigating this motion.

Between March 6, 2003 and March 10, 2006, the 387th Judicial District Court conducted numerous hearings on this motion. *See* Case 06-3012 doc. 121, Register

of Actions in Case 89-DCV-106445 pp 37-51 of 65).

Ultimately, the state trial court limited debtor's visitation with his children to supervision by the SAFE program. However, debtor was expelled from the SAFE program for violating the trial court's orders not to discuss court proceedings with the McCloskey children. *In re D.C.M.* 2008 WL 4146785 (Tex. App. - Houston [14th Dist.] 2008) writ denied.

**B. Debtor sues state trial judge and others for stay violation.**

On March 10, 2006, debtor filed an adversary proceeding in this Court seeking to hold the judge of the 387th Judicial District Court, Honorable Robert Kern, SAFE Family Programs, Faith Neely, The Victim Assistance Center, Marinelle Timmons, Robert Thomas Jr., Michael Craig, Kelly Heallen, and Anne McCloskey in contempt for violation of the automatic stay. Case 06-3274. Debtor alleged the defendants violated the automatic stay by their involvement with Anne McCloskey's motion to modify.

At a hearing this Court dismissed debtor's complaint. Debtor appealed the dismissal to the district court. The district court dismissed debtor's appeal on December 11, 2006. United States District Court for the Southern District of Texas, Case 4:06cv2554.

Debtor did not appeal this dismissal. Consequently, debtor's current claims

that the motion to modify violated the automatic stay were resolved by the district court's final judgment dismissing debtor's adversary case in December 2006.

On August 24, 2006, the 387th Judicial District Court issued its "Order in Suit to Modify Parent-Child Relationship" awarding attorney's fees in the amount of $106,000.00, payable by debtor no later than October 1, 2006, to Kelly C. Heallen, attorney for Anne McCloskey. At paragraph 15.1 of its order, the court found "that as of August 24, 2006, Kelly Heallen and Craig & Heallen incurred more than $76,000.00 as attorney's fees which were necessary for the benefit of the children."

**C. Debtor's appeal of state trial court order on motion to modify.**

Debtor appealed the August 26, 2006, order of the 387th Judicial Court, alleging, among other things that the proceedings were barred by the automatic stay. Case 14-06-00844-CV. Initially, debtor did not seek relief from stay to proceed with this appeal.

Thereafter, on May 3, 2007, citing Tex. R. App. P. 8.2, suspending an appeal when a bankruptcy is filed until the automatic stay is lifted, the 14th Court of Appeals issued an order abating appeal no. 14-06-00844-CV. The abatement order of the 14th Court of Appeals states:

> Appellant asserts that the automatic stay provided in Section 362 of the Bankruptcy Code does not apply to proceedings concerning custody or visitation. See 11 U.S.C. § 362(b)(iii). If a case has been

suspended by a bankruptcy filing, a party may move that the appellant court reinstate the appeal if permitted by federal law or the bankruptcy court. TEX. R. APP. P. 8.3(a). If the bankruptcy court has lifted or terminated the stay, a certified copy of the order must be attached to the motion to reinstate the appeal. *Id*.

For administrative purposes only, and without surrendering jurisdiction, this court orders the cause abated and treated as a closed case. It may be reinstated on motion of any party showing the stay has been lifted and/or briefing the applicable federal law exempting the matter from the automatic stay, and specifying what further action is required from this court. See TEX.R.APP.P.8.3.

Abatement Order Case 14-06-00844-CV.

On May 8, 2007, following the abatement order, debtor filed a motion in this Court for limited relief from the automatic stay to proceed in appellate cases 14-06-00631-CV and 14-06-00844-CV, "to allow the 14th Court of Appeals to issue judgments and orders concerning (i) child custody and/or visitation, (ii) support; and (iii) the division of exempt property." *See* Case 06-03012 doc.28.

Debtor failed to appear at the hearing set on his motion on May 30, 2007, and this Court denied the motion. On June 3, 2007, debtor moved for reconsideration or clarification of this Court's denial of his request for limited relief from the automatic stay. On October 3, 2007, this Court granted relief from the automatic stay " for the parties and the state court to proceed as to the matter on appeal . . . pending in the 14th Court of Appeals, Houston, Texas, as cause no. 14-06-00844-CV." (Case 05-

3232 doc. 101).

On appeal of the state district court order on the motion to modify, the 14th Court of Appeals ruled against Christopher McCloskey on all issues except for the trial court's characterization of the attorney's fee award as child support. However, the Court of Appeals did not modify or reverse the trial court's finding that "Kelly Heallen and Craig & Heallen incurred more than $76,000.00 as attorney's fees which were necessary for the benefit of the children." *In re D.C.M.* 2008 WL 4146785 (Tex. App. - Houston [14th Dist.] 2008), writ denied.

# VI. Writ of Garnishment

## A. Hearings on writ of garnishment.

On July 17, 2007, this Court granted Plaintiffs' motion for summary judgment The Court's found that the state court's Corrected Final  Decree award of $50,398.00 was res judicata and nondischargeable under 11 U.S.C.§ 523(a)(5).

Thereafter, on November 28, 2007, Anne McCloskey and Michael Craig filed an application for writ of garnishment after judgment in the 387th Judicial District Court. The trial court granted the application and issued an order against debtor and Fidelity Investments on December 7, 2007, in the amount of $100,211.44.

 The order for issuance of writ of garnishment states:

ORDER FOR ISSUANCE OF WRIT OF GARNISHMENT

This Court having considered the Application for Writ of Garnishment of Applicants Anne Miriam McCloskey and Michael A. Craig, and all evidence and arguments of counsel, is of the opinion that a Writ of Garnishment should be issued because applicants have a valid and subsisting judgment as child support against Christopher Joseph McCloskey, totaling as of the date of the application $98,211.44.  This judgment is in all things final, valid, and subsisting, and it is wholly unsatisfied. This Court further finds that Applicant Anne Miriam McCloskey was required to expend $2,000.00 in reasonable and necessary attorneys fees to prosecute this action and that she is entitled to recover those fees.

It is therefore,

ORDERED that the maximum value of property or indebtedness that may be garnished is $100,211.44;

It is further ORDERED that the requirement of bond is waived;

It is further ORDERED that a Writ of Garnishment be issued to Fidelity Investments D/B/A National Financial Services. L.L.C. as garnishees;

It is further ORDERED that the Writ of Garnishment shall be for $100,211.44, being sufficient to satisfy applicants' judgment against defendant, plus costs of suit; and It is further ORDERED that the Writ of Garnishment shall direct Fidelity Investments D/B/A National Financial Services, L.L.C. as garnishees, to deliver to applicants, Anne Miriam McCloskey and Michael A. Craig, the sum of $100,211.44, to be withdrawn from Christopher Joseph McCloskey's accounts which are currently being held by garnishees.

On December 10, 2007, Anne McCloskey and Michael Craig, obtained

issuance of a citation to Christopher Joseph McCloskey.  Instead of litigating the

matter in state court, on January 7, 2008, debtor filed an emergency motion before this Court seeking to hold Anne McCloskey and Michael Craig in contempt for violating the automatic stay.

On January 15, 2008, this Court denied debtor's motion. Case 05-31232. Debtor did not appeal this order. Consequently, this Court's order was final. Debtor's current claims that the writ of garnishment violated the automatic stay were previously resolved in January 2008..

On January 18, 2008, Fidelity and Craig & Heallen, LLP  entered into an agreed judgment to turn over to Anne McCloskey and Michael Craig debtor's Fidelity IRA in the amount of $100,211.44. The agreed judgment further finds that the plaintiffs incurred an additional $2,000.00 in attorney's fees in prosecuting the garnishment action.

## B.  Appeal of writ of garnishment.

On March 23, 2010, the 14th Court of Appeals affirmed plaintiffs' garnishment of Debtor's Fidelity Investments Rollover IRA. *See McCloskey v. McCloskey,* 2010 WL 1037947 *2-3 (Tex. App.– Houston [14th Dist.] 2010) (No. 14-08-00365-CV), writ denied. On appeal debtor argued that the writ of garnishment violated the automatic stay.  The appellate court rejected this contention and upheld the garnishment order. The court held that  the "record contains documents from Chris's

chapter 7 bankruptcy case showing that, under section 554(a) of the Bankruptcy Code, the bankruptcy trustee abandoned the [Fidelity Investments Rollover IRA]." *See McCloskey v. McCloskey*, 2010 WL 1037947 *2-*3 (Tex. App.– Houston [14th Dist.] 2010) (NO. 14-08-00365-CV), writ denied. The court concluded that, as the property had been abandoned, it was no longer property of the estate. Therefore, the garnishment did not violate the automatic stay. *Id.* In addition, the appellate court rejected debtor's argument that the garnishment was improper because, after the date of the writ of garnishment, the court of appeals reversed the trial court finding that the attorney's fees related to child support.

> Lastly, as described by the appellate court,
> debtor argued that "the garnishment action is improper because it is the second action filed to recover the same attorney's fees. Chris claims that his   assets were taken from his separate-property IRA account at Charles Schwab on September 11, 2000, and October 10, 2000, and his ERISA account at Merrill Lynch on August 7, 2002. Chris argues that these assets were garnished to pay the attorney's fees that are subject to the garnishment action."     *Id*. at 4.

The 14th Court of Appeals found that the 2000 and 2002 orders were for interim attorney's fees. The court concluded "[T]he record does not reflect that the 2000 and 2002 orders were for the same attorney's fees ordered to be paid in the garnishment action under review." *Id*.

## VII.  *Tucker v. Thomas*

In *Tucker v. Thomas,*  2011 WL 6644710 (Tex. App.-Houston [14th Dist.]

2011), the 14th Court of Appeals, sitting en banc, held that attorney's fees incurred in a non- enforcement modification hearing may be awarded as necessaries and as child support for the benefit of the children.

Thereafter, on appeal, the Texas Supreme Court held that in the absence of statutory authority, a trial court could not award attorney's fees in a nonenforcement proceeding as additional child support. *Tucker v. Thomas*, 419 S.W.3d 292 (Tex 2013). *Tucker v. Thomas* is not at issue in this case.

## VIII. Bankruptcy adversary proceeding and appeal

## A. Adversary proceeding case no. 06-3012.

On January 6, 2006, Anne McCloskey and Michael Craig filed their adversary complaint in Case 06-3012, objecting under 11 U.S.C. § 523 (a)(5) to the dischargeability of their claims for attorney's fees of $50,380.00, plus interest which were awarded for conservatorship and child support proceedings. Plaintiffs amended their complaint on January 19, 2006. On July 6, 2006, Anne McCloskey and Michael Craig moved for summary judgment alleging that in the January 12, 2001, Corrected Decree of Divorce of the 387th Judicial District Court "found that the . . . attorney's fees incurred . . . were necessary for solely the determination of conservatorship of and of child support for the parties' minor children," and that therefore, those fees were non-dischargeable under 11 U.S.C. § 523(a)(5). Case 06-3012, Doc. 13, p.7-8.

Debtor responded to plaintiffs' motion and also moved for summary judgment. On July 17, 2007, this Court denied debtor's motion and granted summary judgment in favor of Anne McCloskey and Michael Craig. The Court ruled that the $50,398.00 award was not dischargeable under 11 U.S.C. § 523(a)(5)(B) as a matter of law. Debtor appealed this Court's judgment. The district court affirmed and debtor appealed the judgment to the Fifth Circuit Court of Appeals.

In the interim, the 14th Court of Appeals reversed.*McCloskey v. McCloske*y, 2009 WL 3335868 (Tex. App.-Houston [14[th] Dist.]. The appellate court deleted all references in the Reformed Final Judgment to attorney's fees as additional child support. Instead, the  appellate court allowed the $50,398.00 award as fees for conservatorship for the children. This order was final.

## B. Fifth Circuit appeal of order granting plaintiffs' motion for summary judgment.

On September 30, 2009, the Fifth Circuit vacated this Court's grant of plaintiffs' summary  judgment and remanded the case, stating:

> While this case was pending on this appeal, the Texas Court of Appeals entered an opinion holding that '[b]ecause this is not a case of child support enforcement, the trial court erred in characterizing the attorney's fees as child support.' *McCloskey v. McCloskey*, No. 14-06-00470-CV, 2009 WL 3335868, at *4 (Tex. Ct. App. Apr. 2, 2009). *The appellate court modified the trial court judgment to "'delete any reference to the characterization of attorney's fees as 'additional child support.' " Id.FN1 Because the Texas Court of Appeals held the trial court's*

> *characterization of the attorney's fee award as child support to be in*
> *error, we vacate the judgment and remand this cause to the bankruptcy*
> *court to determine whether the attorney's fee award is dischargeable in*
> *bankruptcy.* (emphasis added).

*In re McCloskey*, 347 Fed. Appx. 104, *106, 2009 WL 3150318 *1 (5th Cir.2009) (emphasis added).

On remand, debtor reurged his motion for summary judgment, contending that plaintiffs should have judgment against them because the Fifth Circuit held that plaintiffs' attorney's fees were not child support and the fees were dischargeable. Case 06-3012, Doc. 55. Debtor misreads the remand order of the Fifth Circuit. Instead, based on the state appellate court's modification of the Reformed Final Judgement, the Fifth Circuit remanded for a determination of dischargeability under Section 523(a)(5).

Debtor amended his motion for contempt and sought a hearing. The hearing was repeatedly continued due to attorney Kelly Heallen's illness. Debtor's two motions were heard March 1, 2012.

### IX. Main Bankruptcy Case no. 05-31232

#### A. Debtor's exempt Fidelity account.

Debtor contends plaintiffs violated the automatic stay when they garnished his Fidelity account. He argues the 14th Court of Appeals was in error when it concluded

the trustee had abandoned debtor's Fidelity account.

On February 13, 2006, debtor filed his first amended schedules in his main bankruptcy case. Debtor listed his Fidelity Investments Rollover IRA accounts on Schedule B (Personal Property) as "Fidelity Investments Rollover IRA Accounts National Financial Services LLC Agent for Fidelity Management Trust Company, 200 Liberty Street, 5th Floor, New York, NY 10281," in the amount of $105,550.08. Debtor also listed this Fidelity account as exempt on Schedule C as "Fidelity Investments Rollover IRA" in the amount of $105,550.08.

On February 22, 2006, the chapter 7 trustee conducted the creditors' meeting. The docket entry for that meeting states:

> Meeting of Creditors Held. Debtor appeared. Hearing concluded Debtor to Amend Schedules B and C. Filed by Pamela Gale Johnson.

Case no. 05-31232.

On March 24, 2006, the deadline for objections expired. Fed. R. Bankr. P. Rule 4003(b). No creditor objected to debtor's exemptions.

## B. Chapter 7 Trustee's Abandonment of Property.

On November 27, 2007, the chapter 7 trustee filed a notice of her intention to abandon certain assets scheduled by Debtor:

- Right of Reimbursement Claim- $17,000; against the residence of Anne Miriam McCloskey located at 7214 Fireside Court, Sugarland, Texas

77479; Claim for Recovery of any and all assets exempt under Texas law consisting of retirement benefits and accounts that were allegedly wrongly awarded to Debtor's former spouse in the prior divorce; Debtor lost the appeal of the state Court proceeding.

•     Cash and Deposits - $1,733.10.

•     Property relating to retirement benefits which are the subject of state court litigation.

Thereafter, on January 18, 2008, the trustee filed a Report of No Distribution. Case 05-31232, Doc.110. The trustee certified that the estate had been fully administered. The trustee abandoned all property listed on Schedule C as exempt under Texas law. On July 9, 2010, the bankruptcy case was closed. Debtor's discharge was granted the same day.

## X. Findings and Legal Conclusions.

### A. Standing.

Debtor argues that the law firm Craig & Heallen LLP alone, not plaintiffs' Anne McCloskey and Michael Craig, has standing to assert the dischargability complaint. Debtor asserts that only the law firm owns the claim as evidenced by the March 23, 2005, proof of claim filed by Michael Craig in the name of Craig & Heallen LLP. Debtor contends that plaintiffs assigned their claims to that entity and may not file this adversary proceeding as individual plaintiffs.

Plaintiffs' point out that, after the initial proof of claim was filed, on June 21,

2005, Anne McCloskey and Michael A. Craig both objected to debtor's proposed chapter 13 plan in the main bankruptcy. Case no. 05-31232, Doc.15. On August 25, 2005, Anne McCloskey and Michael A. Craig filed their Creditor's Response to Debtor's Proof of Claim in which they explained that "the previously filed proof of claim is urged by Michael A. Craig and Craig & Heallen, LLP. on behalf of Anne Miriam McCloskey." Case no.  05-31232, Doc. 21. On December 10, 2005, Anne McCloskey and Michael A. Craig filed their Motion for Relief from Stay.  *Id*. Doc. 44.

Next, on January 6, 2006, Plaintiffs, named individually, filed case no. 06-3012. Lastly, on April 6, 2006, the state trial judge entered an order reforming the final judgment which awarded the attorney's fees at issue to Michael A. Craig " for the benefit of Anne Miriam McCloskey." Case no. 06-3012, Doc. 35 Ex. 1 p. 3. This Court finds plaintiffs have standing based on the Reformed Final Judgment,

Plaintiffs also urge that their activity in the bankruptcy case at least  equates to an informal proof of claim For an informal proof of claim, plaintiffs must show: (1) the claim is in writing; (2) the writing contains a demand on debtor's estate; (3) the writing must evidence the intent to hold debtor liable; (4) the writing must be filed with the bankruptcy court; and (5) "based on the facts of the case, allowance of the claim must be equitable under the circumstances." S*ee In re Nikoloutsos*, 199 F.3d

233, 237  (5th Cir. 1999). In addition to standing based on the Reformed Final Judgment, this Court concludes that plaintiffs' numerous filings constitute an informal proof of claim.

## B. Automatic stay.

Debtor contends that the following orders by the 387th Judicial District Court and the 14th Court of Appeals issued after debtor filed bankruptcy on January 25, 2005, are void as violations of 11 U.S.C.§ 362(a)(1),(a)(2),(a)(5), and (a)(6): (1) the order granting Anne McCloskey's Motion  to Correct or Reform Final Judgment in Accordance With Appellate Mandate issued April 3, 2006; (2) the order in Suit to Modify Parent-Child Relationship issued August 24, 2006; (3) the ex parte order for Issuance of Writ of Garnishment in 14-08-00365-CV in the amount of $100,211.44 against debtor and his financial institution, Fidelity, issued on December 7, 2007; (4) the Agreed Judgment in Garnishment signed on January 18, 2008, Debtor Ex. 14; and (5) the order affirming the Agreed  Judgment  in Garnishment by the 14th Court of Appeals. Debtor Ex 29. In effect, debtor claims virtually every post-petition order the state trial judge and appellate court issued violated the automatic stay.

In  their  response,  Anne  McCloskey  and  Michael  Craig  argue:  (1) the garnishment was excepted from the automatic stay, as an action for "the collection of alimony, maintenance, or support from property that is not property of the estate"

pursuant to 11 U.S.C. § 362 (b)(2)(B); (2) since the state courts found that plaintiffs' actions did not violate the automatic stay, debtor's claims are barred by collateral estoppel, res judicata, claim preclusion, and/or the Rooker-Feldman doctrine; (3) this Court's order of January 16, 2008, was a blanket lift of the stay as to all matters on appeal in cause numbers 14-06-00470-CV, 14-00-01300-CV, and 14-00-01307-CV; (4) plaintiffs relied on this Court's orders granting relief from stay and/or denial of debtor's efforts to hold plaintiffs in contempt as an indication that the stay did not apply; and (5) if this Court determines that plaintiffs violated the stay, plaintiffs urge the Court to annul the stay and to equitably treat plaintiff's motion for summary judgment, as a request for a retroactive annulment of the stay. Case no. 06-3012, Doc. 101.

In addition, at the hearing on debtor's motions, plaintiffs urged that all plaintiffs' post-petition state proceedings should also be excepted from the automatic stay under Section 362 (b)(2)(B) as related to "child support." Debtor did not object to plaintiffs raising this issue. The Court finds that this issue was fairly presented.

*1*. Law of *Automatic Stay in 2005*.

Filing a bankruptcy petition automatically stays "a wide array of collection and enforcement proceedings against the debtor and his property." *Pennsylvania Department of Public Welfare v. Davenport,* 495 US 552 (1990). The version of the

Bankruptcy Code § 362 applicable to debtor's case provided:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
. . . .

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay-

1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

(2) under subsection (a) of this section--

(A) of the commencement or continuation of an action or proceeding for--

(i) the establishment of paternity; or

(ii) the establishment or modification of an order for alimony, maintenance, or support; or

*(B) of the collection of alimony, maintenance, or support from property that is not property of the estate ...*

11 U.S.C. § 362(a)(2005)(emphasis added).

Under 11 U.S.C. § 362(c)(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and (2) the stay of any other act under subsection (a) of this section continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied.

11 U.S.C. § 362(c)(2005).

Under 11 U.S.C. § 362(h) (2005), to establish a violation of the automatic stay, movant is required to prove: (1) respondent must have known of the existence of the stay; (2) respondent's acts must have been intentional; and (3) respondent's acts must

have violated the stay. *See In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005).

No dispute exists about the first two requirements. However, plaintiffs urge debtor has failed to prove that plaintiffs' post petition state proceedings violated the stay.

### 2. This Court either lifted the stay on all state proceedings at issue or annuls the stay by this order

Since debtor filed bankruptcy in 2005,  this Court has granted three motions for relief from stay to allow state proceedings to go forward: one  motion for relief from stay filed by plaintiffs and two motions for relief filed by debtor. In addition, at various hearings this Court has three times denied and/or dismissed debtor's claims that plaintiffs should be held in contempt because their state court actions violated the automatic stay: in two contested matters and in one adversary proceeding. This court finds that all allegations that plaintiffs violated the automatic stay have been resolved by previous orders of this Court.

Moreover, if any claim regarding plaintiffs impingement of the automatic stay arguably remains, this Court has the discretion to determine whether any alleged actions by plaintiffs were void or voidable.  *Sikes v. Global Marine, Inc*., 88l F.2d 176 (5th Cir. 1989). After considering all proceedings in debtor's state and federal cases, this Court annuls the stay with regard to any claimed stay violation. 11 U.S.C.

362(d); *Picco v. Global Marine Drilling Co.*, 900 F2d 846, 851 (5th Cir. 1990).

*3. State trial judge order granting Anne McCloskey's motion to correct or reform final judgment  was in accordance the orders of this Court.*

In an abundance of caution this Court will address debtor's other claims. Debtor next argues that the 387th Judicial District Court violated the remand order of the 14th Court of Appeals. Debtor then "boot straps" that contention into  an argument that the Reformed Final Judgment violated this Court's January 4, 2006, order lifting stay which stated:

> After reviewing the motion, pleadings on file and arguments of counsel, this Court is of the opinion that the motion should be GRANTED.  It is therefore ORDERED:
>
> 1.    That Creditor's Opposed Motion for Limited Relief from Automatic Stay is hereby GRANTED;
>
> 2.    The Automatic Stay imposed by 11 U.S.C. § 362 is lifted as to Movants, Anne Miriam McCloskey and Michael A. Craig for the limited purpose of allowing the 387th Judicial District Court of Fort Bend County, Texas to render a corrected judgment in Cause No. 106,445; In the Matter of the Marriage of Anne Miriam McCloskey and Christopher Joseph Mc Closkey and in the Interest of David Christopher McCloskey and Laura Grace McCloskey, Minor Children; In the 387th Judicial District Court of Fort Bend County, Texas, specifically as it pertains to the characterization and award of attorney's fees and child support to movants, in accordance with the mandate issued by the Fourteenth Court of appeals for the State of Texas.

Case 05-31232, doc. 63.

This Court lifted the automatic stay to allow the state trial court to hear and decide the remand from the state court of appeals. Whether the trial court exceeded the appellate remand order is a matter for the 14th Court of Appeals, not the bankruptcy court.

After the appellate remand, debtor again appealed the attorney's fee issue to the 14th Court of Appeals. *In re McCloskey v McCloskey*, 2009 WL 3335868 *2-3 (Tex. App.-Houston [14th Dist.]) The 14th Court of Appeals carefully reviewed its prior order of remand and the trial court's Reformed Final Judgment. Any violation of its remand order would have been apparent to the court of appeals.

Under Texas law, res judicata precludes relitigation of claims which have been adjudicated or which could have been or that arise out of the same matter. *Barr vs. Resolution Trust Corp.* 837 S.W.2d 627,628 (Tex.1992). The requirements are: (1) proof of a final judgment on the merits by a court of competent jurisdiction;(2) identity of the parties; and (3) an action based on the same claims as were raised or could have been raised in the prior proceedings. See *Texas Water Rights Commission v. Crown Iron Works,* 582 S.W.2d768, 771-72 (Tex 1979). There is a final judgment on the merits by the state appellate

court and the parties are identical. However, there is no evidence debtor ever presented this issue to the state appellate court.  Lastly, debtor himself never raised the argument that the state trial court's Reformed Final Judgment violated the automatic stay until December 29, 2010, over three years later  when debtor amended his  motion for contempt in this court. Case no. 06-3012, Doc.70. This issue is foreclosed.

 3. *Plaintiffs' state proceedings are excepted from the automatic stay under*

   *Sections 362(b)(2); 523 (a)(5); and 522 (d)(10)(D).*

Plaintiffs assert debtor fails to prove the automatic stay applies to the post-petition state proceedings. Plaintiffs rely on the Bankruptcy Codes' protections for family obligations. Congress has incorporated these protections into the Bankruptcy Code in section 362 (b)(2)(stay exception); section 523 (a)(5) (exception from discharge for "spouse, former spouse, or child of the debtor ...") and section 522 (d)(10)(D) (exemption for debtor's right to receive "alimony, support or separate maintenance). The version of section 362(b)(2) applicable to debtor's bankruptcy included two relevant automatic stay exceptions: (1) section 362(b)(2)(A)(ii) for the establishment or modification of an order for alimony, maintenance, or support and (2) section 362(b)(2)(B) for the collection of alimony, maintenance, or support  from

property that is not property of the estate.

The Supreme Court explained the necessity for such protections:

"The obligation continue[s] after the discharge in bankruptcy as well as before, and is no more than the duty devolved by the law upon the husband to support his children and is not a debt in any just sense." *Wetmore v Markoe*, 196 U.S.68, 74-76, 25 S.Ct. 172, 174-175, 49 L.Ed. 390 (1904) citing, *Audubon v. Shufeldt*, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009 (1901).

The legislative history of the 1978 Bankruptcy Code states:

Paragraph (2) excepts from the stay the collection of alimony, maintenance or support from property that is not property of the estate. This will include property acquired after the commencement of the case, exempted property, and property that does not pass to the estate. The automatic stay is one means of protecting the debtor's discharge. Alimony, maintenance and support obligations are excepted from discharge. Staying collection of them, when not to the detriment of other creditors (because the collection effort is against property that is not property of the estate) does not further that goal.  Moreover, it could lead to hardship on the part of the protected spouse or children.

Thereafter, in 1994 Congress added section 362 (b)(2)(A)(ii) to except from the automatic stay the commencement or continuation of an action or proceeding for the establishment or modification of an order for alimony, maintenance, or support. 11 U.S.C. §362 (b)(2)(A)(ii).

As noted by Judge Margaret McKeown, writing for the Ninth Circuit:

Section 362(b)(2)(A)(ii) was added to the bankruptcy code in 1994.

Bankruptcy Reform Act of 1994, Pub.L. No. 103-394 § 304 (1994). The 1994 reforms were designed to "provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse or child of a debtor in bankruptcy." H.R. Rep. No. 103-835, at 54 (1994), *reprinted* in 1994 U.S.C. C.A.N. 3363. "[A] debtor should not use the protection of a bankruptcy filing in order to avoid legitimate marital and child support obligations.

 Id. Addition of this provision was among a series of changes that included limiting debtors' ability to discharge debt relating to spousal support, 11 U.S.C. § 523(a)(15), and creating new bankruptcy priority for such debt, 11 U.S.C. § 507(a)(7).

The import of § 362(b)(2)(A)(ii) is consistent with our prior precedent counseling "bankruptcy courts to avoid incursions into family law matters...." *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir.1985) (affirming bankruptcy court's grant of relief from stay to pursue modification of spousal support action).

Here, § 362(b)(2)(A)(ii) covers the modification request. Specifically, Jacqueline sought to modify the existing support order on grounds that she incurred "extraordinary uninsured health costs." Although her medical needs arose as a consequence of the alleged assault by Christopher, medical expenses are typically encompassed within the rubric of spousal support. Thus, Jacqueline's modification request is squarely within the plain meaning of "the commencement ... of an action or proceeding for ... an order for alimony, maintenance, or support." 11 U.S.C. § 362(b)(2)(A)(ii).

*Allen v. Allen*, 275 F.3d 1160, 1163 (9th Cir. 2002).(footnotes omitted).

Regarding family obligations, the Fifth Circuit has emphasized that "In general, bankruptcy courts owe state courts deference in domestic matters." *In re Barnes*, 279 Fed. App'x. 318, (5th Cir. 2008) (Not selected for publication in the Federal Reporter, No. 07-10557). Considering 11 U.S.C. § 362(b)(2)(A)(ii), the Fifth Circuit has held that the automatic stay did not apply to a state court order

compelling a chapter 7 debtor to pay his ex-wife's mortgage payment because the wife was primary custodian of the children and the state court had designated the payment as support. *Matter of Chunn*, 106 F.3d 1239, 1242 (5th Cir. 1997) ("Pursuant to Sec. 362(b)(2), which specifically exempts actions for the collection of maintenance, the automatic stay did not apply to the support order. Therefore, the bankruptcy court could not have abused its discretion in lifting the stay to allow enforcement of the support order. ").

Section 362 (b)(2) case law is analogous to 523(a)(5) case law which bars discharge of certain debts to "a spouse, former spouse, or child." The Bankruptcy Code Section 523(a)(5) applicable to debtor's case provided:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> . . . .
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>
> (B) such debt includes a liability designated as alimony, maintenance,

or support, unless such liability is actually in the nature of alimony, maintenance, or support...

11 U.S.C. §523(a)(5)(2005).

Under Section 523 (a)(5), the Fifth Circuit and courts in this circuit hold that attorney's fees awarded against debtor by state court orders related to divorce or custody litigation may be considered support and are not dischargeable. *Matter of Dvorak*, 986 F.2d 940, 941(5th Cir.1993) (Attorney's fees awarded in custody litigation held non-dischargeable because related to state proceedings for benefit and support of child); *Hill v. Snider* (*In re Snider*), 62 B.R. 382, 387 (Bankr. S.D. Tex. 1986) (Award for attorney's fees in custody hearing held non-dischargeable because the state court award was "expressly found to be in the best interest of the child"); *See Hack v. Laney* (*In re Laney*), 53 B.R. 231, 235 (Bankr. N.D.Tex.1985) (Guardian's attorney's fees in custody and support litigation held nondischargeable because incurred for benefit of the children).

*4. Plaintiffs' $50,398.00 award of attorney's fees is excepted from the automatic stay under Section 362(b)(2)(2005).*

The McCloskey's  divorce involved issues of custody, parental rights, child support, visitation, and property division. After the June 2000 jury trial on child custody but prior to the 10 day trial of the remaining issues beginning August 7, 2000, Anne McCloskey had incurred approximately $146,753.00 in fees plus costs of

$68,668.00.

On July 20, 2000, the trial court held a hearing to consider debtor's various motions and to determine how to proceed with the remaining property division and children's issues, including child support and parental visitation. (July 10, 2000 trial transcript of 387th Judicial District at p. 16) The guardian ad litem, Lester Van Slyke, explained to the court that other than "child support and visitation, I think certainly we need to look at the rights to be given to each of these parents." (*Id* at 19). Counsel for Anne McCloskey explained that "three important issues had been bifurcated from the jury trial with regard to the suit affecting parent-child relationship and that would be the issue of rights and powers, the issue of child support and the issue of visitation." (*Id* at 20).

After the August 2000 trial of the remaining issues, Anne McCloskey had incurred $190,648.32 in total attorney's fees exclusive of expenses. After reviewing all exhibits, this Court finds that by the conclusion of the divorce trial, Anne McCloskey incurred well over the $50,398.00 in attorney's fees awarded by the trial court for litigation of child custody, child support, and visitation.

As a nondischargeable debt under section 523(a)(5), the collection of the $50,398.00 from property that is not property of the estate, is excepted from the automatic stay under section 362(b)(2)(A)(2005). The 14th Court of Appeals

specifically ruled that debtor's Fidelity account had been abandoned by the Chapter 7

Trustee and thus, execution of the writ of garnishment on debtor's Fidelity account did

not violate the stay. *See McCloskey v. McCloskey*, 2010 WL 1037947 (Tex. App.-

Hous.[14 dist.] 2010, writ denied.

Debtor argues the appellate court was in error.  Plaintiffs urge the *Rooker-*

*Feldman* doctrine controls and this Court may not reach this issue. This  Court agrees.

What has become known as the Rooker-Feldman doctrine is derived from two

Supreme Court cases. *Rooker v. Fidelity Trust* Co.,263 U.S.413 (1923) and *District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Based on the Full Faith

and Credit Act,28 U.S.C. 1738, federal courts are required to recognize claim and issue

preclusion effects of state court judgments. Consequently, only the Supreme Court has

jurisdiction over appellate review of state judgments. *Exxon Mobil Corp. v. Saudi* Basic

*Industries Corp.*, 544 U.S. 280, 281 (2005). In *Exxon Mobil* the Court described the

Rooker-Feldman doctrine as "confined to cases of the kind from which the doctrine

acquired its name: cases brought by state court losers complaining of injuries caused

by state court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments." *Id.* That description fits

debtor.

*5. The Fidelity Account was not property of the estate when garnished.*

"An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen v. Owen*, 500 U.S. 305, 308 (1991).  "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Id.*; *see also Graziadei v. Graziadei (In re Graziadei)*, 32 F.3d 1408, 1410 n.2 (9th Cir.1994) (bankruptcy court lacked jurisdiction over homestead property which was exempt and therefore had no conceivable effect on the estate).

Debtor exempted his Fidelity account without  objection by any party. The deadline for objections expired  March 22, 2006. *See* Fed. R. Bankr. P. Rule 4003 (2005). The Court finds that, after March 22, 2006, debtor's  Fidelity account was exempt and not property of the bankruptcy estate.

On July 17, 2007, this Court granted plaintiff's motion for summary judgment finding the attorney's fees nondischargeable. Debtor appealed this order but did not supercede the judgment.

On November 28, 2007, plaintiffs filed their Application for Writ of Garnishment to collect  the $50,398.00 plus interest awarded against debtor. At the

time of execution of the garnishment writ, debtor's  Fidelity account  had not been

property of the estate for over one year. Consequently, plaintiffs' collection against the

Fidelity account did not violate the automatic stay. 11 U.S.C. § 362 (b)(2) (2005).

*6. In re Repine distinguished.*

While no party cites  *In re Repine*, 536 F.3d 512 (5th Cir. 2008), the case has

superficial similarities to the case at bar and, therefore, bears consideration.  In *Repine*,

Young, counsel for ex-wife, was awarded a judgment for attorney's fees against debtor.

While debtor was incarcerated for civil contempt for failure to pay child support, he

filed chapter 13 bankruptcy. Young's fees were included in the chapter 13 plan as

priority unsecured claims. The bankruptcy court granted an agreed motion for relief

from stay approving a settlement allowing debtor's release in return for transferring his

homestead to his ex-wife for future sale. Any excess sales proceeds would be credited

to debtor's child support arrearage and to Young's fees.

In state court Young objected to debtor's release from jail because her fees were

not paid. Although, Young's client sought debtor's release, Young's objections

continued debtor's jail term. Subsequently, debtor sued Young alleging violations of

section 362(h)(2005). At trial Young denied her actions violated the stay because: (1)

her collection efforts were only against non-estate property and (2) the agreed order

between debtor and his ex-wife lifting the stay allowed Young's collection efforts as

well.

The 5th Circuit rejected both arguments, holding: (1) Young failed to prove that her collection efforts were against non-estate property and (2) the Agreed Order lifting the stay only permitted Young's fees to be collected from the sale of debtor's house by his ex-wife.  Young's remaining pre-petition fees were to be paid through the chapter 13 plan.

*Repine* differs from McCloskey's case because plaintiffs' writ of garnishment was executed against Michael McCloskey's  exempt property. In contrast, attorney Young was attempting to collect her prepetition fees from property of the estate, namely debtor's current and future wages.

 In addition, *Repine* involved an agreed lift stay court order which limited  post-petition collection against Repine's home. In McCloskey's case, this Court has lifted the stay five times regarding the same attorney's fee characterization issue with no specific limiting language on post-petition collection.  Moreover, Repine's chapter 13 plan included priority payments of  100% of Young's fees, while McCloskey seeks to discharge plaintiffs' attorney's fees entirely. *Repine* is not relevant to debtor's case.

## C. Judicial Estoppel

Debtor urges that plaintiffs are judicially estopped from alleging that the $50,398.00  was an award related to support. In support Debtor relies on the 2003

opinion of the 14th Court of Appeals which states:

> In issue ten, Chris raises two complaints regarding the manner in which
> the trial court assessed and awarded trial and appellate attorney fees
> against him. First, Chris complains that the trial court classified its award
> of $50,398.00 in attorney's fees as 'child support and property division,'
> and argues that the trial court's failure to segregate the portion of the
> award representing attorney's fees incurred in the property division and
> the portion representing fees incurred in connection with child support
> provides Anne the benefit of the enhanced remedies for enforcement of
> child support judgments for the entire award. We agree. Because Anne is
> willing to rectify the matter by classifying the fees as part of the division
> of property, we sustain this part of Chris's issue and remand to the trial
> court to correct the judgment on this issue.

*McCloskey v. McCloskey*, 2003 WL 21354709 (Tex. App.-Houston [14th Dist.] 2003).

Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011).

However, in the context of "alimony, maintenance, or child support" issues, this Court has an independent duty to consider the facts of the case and not simply statements by the parties or other courts. *Matter of Dennis*, 25 F.3d 274, 278 (5th Cir. 1994)("Bankruptcy courts must therefore look beyond the labels which state courts–and even parties themselves–give obligations which debtors seek to discharge."); *Matter of Biggs*, 907 F.2d 503, 505 (5th Cir. 1990)("...the legislative

history of Section 523(a)(5) shows that Congress determined  that state support laws should not be determinative of whether a debt is dischargeable....") ; *In re Benich*, 811 F.2d 943, 947(5th Cir. 1987) (Awards to ex-spouse in decree entitled Property-Settlement were support and nondischargeable).

In *Dennis* the Fifth Circuit concluded  "In fact, a spouse is not barred from arguing in bankruptcy court that certain obligations constitute alimony or support even if that spouse argued to the contrary in state court." In addition, the court found that all circuits in the country which had considered the issue had taken the same position on this issue. *Id.*

As pertains to collateral estoppel and not judicial estoppel, debtor notes that the court in *Dennis* at p. 279 stated:

> ...in only limited circumstances may bankruptcy courts defer to the doctrine of collateral estoppel and thereby ignore Congress' mandate to provide plenary review of dischargeability issues. Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question-that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue-and the facts supporting the court's findings are discernible from that court's record.

Judicial estoppel and collateral estoppel are different legal principles, but even assuming debtor can extend *Dennis*' ruling on collateral estoppel to judicial estoppel, debtor fails to show any state court ruling reflecting "specific, subordinate, factual

findings on the identical dischargeability issue in question." Debtor has no such evidence because the issue in the state court was whether, under state law, the trial court had authority to award attorney's fees characterized as child support. The 14th Court of Appeals never considered whether, under federal law, such fees were "support" and nondischargeable. This Court concludes debtor fails to prove judicial estoppel applies to this case.

**D. Credits against judgment**

Debtor contends that the $50,398.00 award to Michael Craig in the Reformed Final Judgment fails to account for payments to Craig from debtor's Charles Schwab IRA on September 11, 2000, in the amounts of $30,650.00, $4,500.00, and $549.00, that allegedly reduced the award balance owed to $14,699.00. Debtor asserts that Michael Craig's testimony at a hearing held on August 11, 2000, supports his contention. Michael Craig stated at the August 11, 2000, hearing:

> We have been paid a total of $128,108.08 as reflected on Page 20 of our invoice leaving a balance of $50,397.64. Now, the $50,397.64 which is due us at this time includes the $30,650 that the Court ordered Mr. McCloskey to pay my firm on July 14 which so far we have not received.

*See* August 11, 2000 State Court Hearing Transcript, (Ex 32- 5, p. 95, l. 2).

Anne McCloskey and Michael Craig respond that the 387th Judicial District Court made an interim award of $30,650.00 The award before this Court of $50,398.00

relates to different proceedings. That same award is included in both the Corrected

Final Decree and the Reformed Final Judgment.

Moreover,  the 14th Court of Appeals has  ruled against debtor on this point:

> In issues three, four, six, and seven, Chris argues that the
> current garnishment action is improper because it is the
> second action filed to recover the same attorney's fees. Chris
> claims that his assets were taken from his separate-property
> IRA accounts at Charles Schwab on September 11, 2000,
> and October 10, 2000, and his ERISA account at Merrill
> Lynch on August 7, 2002. Chris argues that those assets
> were garnished to pay the attorney's fees that are subject to
> the garnishment judgment.
> Chris refers to two orders directing Charles Schwab and
> Merrill Lynch to release funds in payment of attorney's fees.
> Those orders were issued in 2000 and 2002 and were for
> payment of interim fees, not the fees at issue in this appeal.
> The record does not reflect that the 2000 and 2002 orders
> were for the same attorney's fees as those ordered to be paid
> in the garnishment action under review. We overrule Chris's
> third, fourth, sixth and seventh issues.

*McCloskey v. McCloskey*, 2010 WL 1037947 *2-*3 (Tex. App.-Houston [14th Dist.]).

At issue is whether debtor's contention is again barred by collateral estoppel. The

Full Faith and Credit Act, 1. 28 U.S.C. § 1738, requires federal courts to give the same

preclusive effect to state court judgments that those judgments would receive in the

courts of the state from which the judgments emerged. *Raju v. Rhodes*, 7 F.3d 1210,

1214 (5th 1993). Consequently, this Court must look to Texas law regarding the

preclusive effect of the 14th Court order. In *In re Barr v. R.T.C.* 837 S.W.2d 627,

629(Tex 1992), the Supreme Court of Texas noted:

> Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. Gracia v. RC Cola–7–Up Bottling Co., 667 S.W.2d 517, 519 (Tex.1984); Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex.1984). Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit. Bonniwell, 663 S.W.2d at 818.

The 14th Court of Appeals considered the award and denied debtor's claim he was due credit. Debtor may not re-litigate that issue before this Court.

## XI. Conclusion

It is **ORDERED** that upon reconsideration debtor's motion to reconsider the Court's denial of debtor's motion for summary judgment is granted in part to update the case law and otherwise is denied. The Court also denies debtor's motion to reconsider this Court's denial of his motion for contempt and sanctions.

It is **ORDERED** plaintiffs' second motion for summary judgment is granted. *In re Dvorak*, 986 F2d 940 (5th Cir. 1993). The 2006 Reformed Final Judgment of the 387th Judicial District Court for attorney's fees in favor of Michael Craig against Christopher Joseph McCloskey incurred in litigation over conservatorship of debtor's then minor children is not discharged. 11 U.S.C. § 362(b)(2) and § 523(b)(2).

It is **ORDERED** plaintiffs are entitled to their attorney's fees and costs for this litigation. If plaintiffs wish to seek such further attorneys fees and costs, they are

ordered to file a request within 14 days, accompanied by an itemized list of all fees and

costs incurred in this litigation broken down to 1/10 of an hour segments. Otherwise,

this order will be final.

Signed:  March 05, 2015

Karen K. Brown
United States Bankruptcy Judge