

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/30/2015

| | |
|---|---|
| CHRISTOPHER J. MCCLOSKEY, § | |
| § | |
| Appellant, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-742 |
| § | |
| ANNE MIRIAM MCCLOSKEY, *et al*, § | ADVERSARY NO. 06-03012 |
| § | |
| Appellees. § | |

## MEMORANDUM OPINION

### I.

This case comes to the Court on appeal from the appellees, Anne M. McCloskey and Michael A. Craig, second motion for summary judgment that arose in the appellant's, Christopher J. McCloskey, bankruptcy proceedings. The Court has jurisdiction pursuant to 28 U.S.C. § 158(a) and, therefore, proceeds to address the issue(s) raised by the appellant's appeal.

By way of background, a state appellate court entered a reformed final judgment modifying an award of $50,398 as an award incurred in conservatorship proceedings between the McClosekys. *See McCloskey v. McCloskey*, 2010 WL 1037947 (Tex. App.–Houston [14th Dist.] 2010, no pet.). The appellant filed for bankruptcy seeking to discharge the award as a community debt. An adversary proceeding was filed and pursued by the appellees in the appellant's bankruptcy proceeding, challenging the dischargeability of the award. Pursuant to orders from the Fifth Circuit Court of Appeals, the Bankruptcy Court issued an Amended Memorandum and Order granting the appellees' second motion for summary judgment, holding that the award is non-dischargeable. From this judgment the appellant takes an appeal.

## II.

This Court concludes that the Bankruptcy Court correctly ruled when it held that the award was non-dischargeable under 11 U.S.C. §§ 362(b)(2) and 523(a)(5). Section 523(a)(5) provides that a: "discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for a domestic support obligation." The Court is of the opinion that the judgment of the Bankruptcy Court should be affirmed and, therefore, rests its decision on the Bankruptcy Court's Amended Memorandum [Doc. No. 142], incorporated herein by reference, and on settled precedent.

## III.

The appellant raises innumerable claims that this Court views as "side issues" that are resolved by the Court's ruling on the two issues addressed. The Court is also of the opinion that the issues raised by the appellant are frivolous, in that the statutes and case law are settled in this area. History and the logic of the law leaves only inconsequential doubts.

## IV.

The Court addresses the issues that the Court determines are salient and dispositive:

(a)  The divorce decree, that is the genesis of the appellant's litigation, became final on September 21, 2000. After appeals and reformation of the final decree on June 12, 2003, the appellee received an award of $50,398 that had been incurred in protecting conservatorship and support of the children.

It is the Court's view that the judgment became final and unappealable on or about July 13, 2003. Therefore, any effort to modify or set that judgment aside here violates the collateral estoppel rule, *res judicata* and the Rooker-Feldman Doctrine. *See Rooker v. Fid. Trust Co.*, 163 U.S. 413 (1923). Moreover, neither the reviewing state court nor federal trial and appellate courts have the power to modify or reverse a state court judgment. *See In re Eriewine*, 349 F.3d 205, 209 (5th Cir. 2003). Therefore, the state court judgment stands as finally modified and entered.

(b)  Did the Bankruptcy Court commit error when it refused to discharge the award as a community debt? The answer is found in well settled precedent that bars family

obligations from discharge in a bankruptcy proceeding. *See Wetmore v. Markoc*, 196 U.S. 68, 74-76 (1904); 11 U.S.C. § 523(a)(5); *Matter of Dvorak*, 986 F.2d 940, 941 (5th Cir. 1993). The Bankruptcy Court and state courts' characterization of the award as a support obligation means that the award is non-dischargeable. Therefore, the Bankruptcy Court did not abuse its discretion in its findings, or commit error by ruling contrary to law.

Based on the foregoing, the Court determines that the bankruptcy court committed no error. Therefore, the judgment is AFFIRMED.

SIGNED on this 30th day of December, 2015.

_____
Kenneth M. Hoyt
United States District Judge